NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN L. GILBERT, Special Administrator for the Estate of Edwin O. Gilbert,<br><br>Plaintiff,<br><br>v.<br><br>ELLEN HEINE, RUTHANN HUGHES, RICHARD HOLLER, EVELYN ROBERTS, and ANDREW TUSCANO,<br><br>Defendants. | Civil Action No. 2:13-4756 (ES) (JAD)<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion to remand this matter to the Superior Court of New Jersey, Chancery Division, Bergen County, pursuant to 28 U.S.C. § 1441 and § 1446. (ECF No. 7). The Hon. Esther Salas, U.S.D.J. referred Plaintiff's motion to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument. Upon consideration of the parties' submissions, and for the reasons stated below, this Court recommends that Plaintiff's motion be **granted**.

I. **BACKGROUND AND PROCEDURAL HISTORY**

This action involves various state law claims against Defendants Ellen Heine ("Heine"), Ruthann Hughes ("Hughes"), Richard Holler ("Holler"), Evelyn Roberts ("Roberts") and Andrew Tuscano ("Tuscano") (collectively referred to as "Defendants"). Plaintiff Stephen Gilbert, Special Administrator for the Estate of Edwin O. Gilbert, ("Plaintiff") initiated this

action by filing a Summons and Complaint in the Superior Court of New Jersey, Chancery Division, Bergen County, on May 30, 2013. (Complaint, ECF No. 1, Exhibit 1). On August 29, 2013, Defendants removed the case to this Court contending that the Court had original subject matter jurisdiction and that removal therefore was appropriate pursuant to 28 U.S.C. § 1441. (Notice of Removal, ECF No. 1, ¶ 8).

On September 5, 2013, Plaintiff moved to remand this case to the New Jersey Superior Court, arguing that removal was improper because the Notice of Removal was filed after the required thirty-day period and the forum defendant rule barred removal. (Motion to Remand, ECF No. 7 at 2). Defendant Heine opposed Plaintiff's Motion to Remand on September 24, 2013. (Brief in Opposition to Motion, ECF No. 9). No other defendant has joined Defendant Heine in her opposition or filed a separate opposition. Plaintiff has not filed a reply.

## II. LEGAL STANDARD – REMOVAL AND REMAND

Section 1441(a) of Title 28 allows removal of a civil action from state court to federal court if the federal court has original subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A federal district court has original subject matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). This is known as "diversity jurisdiction." An action can be removed on the basis of diversity jurisdiction only "if there is a complete diversity between all named plaintiffs and defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) (emphasis added). These requirements are commonly referred to as "complete diversity" and the "forum defendant rule." Complete diversity prohibits removal if a plaintiff and any defendant are citizens of the same state. Kaufman v. Allstate N.J. Insur. Co., 561 F.3d 144, 148 (3d Cir. 2009).

2

The forum defendant rule precludes removal on diversity grounds if one of the defendants is a citizen of the state in which the action was originally brought. See Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 48 (3d Cir. 1995).

Additionally, a removing defendant must comply with a procedural requirement set forth in 28 U.S.C. § 1446(b)(1), which requires a removing defendant to file a notice of removal within thirty days of service of a summons and compliant. Di Loreto v. Costigan, 351 F. App'x 747, 751 (3d Cir. 2009).

Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

### III. ANALYSIS

Defendants removed this case on the grounds that this Court enjoyed original subject matter jurisdiction over Plaintiff's claims. (Notice of Removal, ECF 1, ¶ 8). Specifically, Defendants contend that, because the amount in controversy exceeds $75,000 and Defendants and Plaintiff are citizens of different states, this court had original subject matter jurisdiction based upon diversity pursuant to 28 U.S.C. § 1332. (Id., ¶¶ 9, 11-14).

Plaintiff argues that removal was improper because the Notice of Removal was filed outside of the required period of time and the forum defendant rule barred removal. (Plaintiff's Motion to Remand, ECF No. 7 at 3). Specifically, Plaintiff claims that Holler was served on June 15, 2013 and the Notice of Removal was filed on August 9, 2013, which was outside of the required thirty-day period. (Id. at 4). Additionally, Plaintiff argues that the forum defendant rule bars removal because Defendants Heine, Holler and Tuscano were citizens of the state of New Jersey and this action was originally brought in the New Jersey state court. (Id. at 3). In

3

opposing remand, Defendant Heine argues that the Notice of Removal was filed within the required period of time, and that removal was proper because at some point in the future, the parties may have federal claims and "[t]hese filings will be in Federal Court."[1] (Defendant Heine's Brief in Opposition, ECF No. 9, ¶¶ 1, 4).

Plaintiff's claim that the Notice of Removal was filed after the required thirty-day period is erroneous. At least one defendant, Defendant Tuscano, removed the case within thirty days of service. (Notice of Removal, ECF 1, ¶ 15). Accordingly, the Notice of Removal was timely and Defendants complied with the procedural requirement set forth in 28 U.S.C. § 1446(b)(1).

Defendant Heine is correct in stating that the amount in controversy in this case exceeds $75,000 and that the parties are citizens of different states: Plaintiff is a citizen of New Mexico and Defendants are citizens of other states. (See Complaint, ECF 1, ¶¶ 9, 11-14). However, 28 U.S.C. § 1441(b) creates an additional obstacle to removal of actions on the ground of diversity jurisdiction – the forum defendant rule. Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 785 (3d Cir. 1995). In Richards v. I-Flow Corp., No. 09-4002, 2010 WL 2516808, at *1 (D.N.J. June 11, 2010), Judge Cooper described that obstacle, explaining that "if an action brought against more than one defendant in New Jersey state court is removed under Section 1332, and if one of those defendants is deemed to be a New Jersey citizen, then that action—even if jurisdiction under Section 1332 exists—is nonetheless subject to remand." Plaintiff originally filed this case in the Superior Court of New Jersey and, as stated in the Notice of Removal, Defendants Heine, Holler, and Tuscano are citizens of the state of New Jersey. (Complaint, ECF No. 1, Exhibit 1 & Notice of Removal, ECF No. 1, ¶¶ 12-14). Accordingly, because three Defendants

---

[1] Although it is possible for Defendants to have federal claims in the future, no such claims currently exist. Accordingly, the Court does not have federal question subject matter jurisdiction over this matter.

are citizens of the state where the action was original filed, the forum defendant rule precluded removal.

In her opposition, Defendant Heine states that "[t]here are no residents in Bergen County, the court where Ramos filed the action" ostensibly suggesting that the forum defendant rule does not bar removal because the action was filed in Bergen County and Defendants are not residents of that county. (Defendant Heine's Opposition, ECF No. 9, ¶ 2). However, the forum defendant rule applies where a defendant resides anywhere in the state - and not just the specific county - where the action was brought. Thus, because three defendants are citizens of the state of New Jersey, the forum defendant rule bars removal and requires that this action be remanded to the Superior Court.

## IV. CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's motion to remand, (ECF No. 7), be granted and that this matter be remanded to the Superior Court of New Jersey, Chancery Division, Bergen County. The Court notes that several additional motions are currently pending, including a motion to dismiss the Third-Party-Complaint, (ECF. No. 3), Defendants' motion to dismiss, (ECF No. 5), Plaintiff's motion to compel, (ECF. No. 10), and Plaintiff's motion to consolidate. (ECF. No. 11). With the exception of Plaintiff's motion to consolidate, which will be moot after remand, these motions should be resolved by the Superior Court.

Joseph A. Dickson, U.S.M.J.

cc. Honorable Esther Salas, U.S.D.J.

5